**FILED**

MAR 18 2020

Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. 1:20-CR-33 MC[ ]LFG |
| GRIGORIY T. RODONAIA | § § | |

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

**Introduction**

At times material to this Indictment:

TRICARE is the health care program for uniformed service members, retirees, and their families around the world. TRICARE provides comprehensive coverage to all beneficiaries, including various health care plans covering in-patient care, out-patient care, and prescription drug coverage. The Defense Health Agency, an agency of the United States Department of Defense, is the administrator of TRICARE.

The Medicare Program ("Medicare") is a federal health care program providing benefits to persons who are over the age of sixty-five and some persons under the age of sixty-five who are blind or disabled. Individuals who receive benefits under Medicare are referred to as Medicare "beneficiaries."

The Texas Medical Assistance Program ("Medicaid") is a health care benefit program jointly funded by the State of Texas and the federal government. The

1

Medicaid program helps pay for reasonable and necessary medical procedures and services provided to individuals who are deemed eligible under state low-income programs. Individuals who receive Medicaid program benefits are referred to as "recipients."

Tricare, Medicare, and Medicaid are all "federal health care benefit programs", as defined in Title 18, United States Code, Section 24(b), in that each is a public or private plan affecting commerce under which medical benefits, items, and services are provided to individuals and under which individuals and entities who provide medical benefits, items, or services may obtain payments.

TRICARE, Medicare, and Medicaid require provider physicians sign agreements in which they state that they are familiar with each program's billing requirements and in which they promise to abide by the policies and procedures of the programs and promise not to submit false or fraudulent claims.

Providers accepting Medicare and Medicaid payments are prohibited from requiring patients or beneficiaries under such federal health care programs to pay cash for covered services in lieu of Medicare or Medicaid payments. Even if a physician obtains a waiver from the health care programs for cash payments, such payments cannot exceed the amount the federal program would have paid for such service.

Medicare, Medicaid, BCBS and Aetna require that a physician document every service rendered to an individual for which a claim is submitted. This documentation is part of a patient's medical record, which physicians are required to retain per each program.

Defendant **Grigoriy T. Rodonaia**, M.D., was a family medicine practitioner in Beaumont, Texas, in the Eastern District of Texas, who was eligible to provide services to TRICARE, Medicare, and Medicaid beneficiaries, including physician visits and the issuance of prescriptions for medications and drugs whose cost to the beneficiary was paid for by such federal health care benefit programs.

Defendant **Grigoriy T. Rodonaia**, M.D., was an opioid treatment provider which required adherence to regulations that medications used in such treatment be dispensed or administered by either the practitioner or an agent of the practitioner under his supervision. An agent must be a pharmacist, registered nurse, licensed practical nurse or any other healthcare professional authorized by Federal and State law to administer and dispense opioid drugs.

<u>**Counts 1 - 16**</u>  **(Violation: 18 U.S.C. 1347 Health Care Fraud; 18 U.S.C. 2 Aiding and Abetting)**

The Introduction regarding Federal Health Care Programs contained in this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

From on or about January 2015, and continuing through on or about December 2015, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, **Grigoriy T. Rodonaia**, defendant, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in 18 U.S.C. §24(b), that is, TRICARE, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services.

## The Scheme and Artifice

Health care benefit programs reimburse pharmacies for valid prescription medication prescribed by enrolled physicians in the usual course of professional practice. Defendant **Grigoriy T. Rodonaia** entered into an illicit agreement with a representative of Memorial Compounding Pharmacy in Houston, Texas, to issue prescriptions in the name of TRICARE beneficiaries in exchange for a kickback or payment for each prescription that was reimbursed by the TRICARE program. The representative of Memorial Compounding Pharmacy would provide Defendant **Grigoriy T. Rodonaia** the personal information of the TRICARE beneficiary needed to issue the prescription. Defendant **Grigoriy T. Rodonaia** participated in the scheme by electronically issuing prescriptions from his Beaumont office directly to Memorial Compounding Pharmacy for specially compounded scar creams using the names, dates of birth, and Health Insurance Claim Numbers of TRICARE beneficiaries without the specific knowledge of the

beneficiary and without having examined or consulted with the beneficiary. The prescriptions were billed to TRICARE by the pharmacy at the approximate cost of $9,000 - $13,000 per prescription and the prescriptions authorized multiple refills. Over six hundred prescriptions in the names of approximately 140 beneficiaries were issued by defendant **Grigoriy T. Rodonaia** in this manner outside the usual course of professional practice and without medical necessity. As a result of the scheme and artifice TRICARE received over six hundred fraudulent claims for specially compounded scar creams and paid approximately $6,700,000 in TRICARE funds to Memorial Compounding Pharmacy.

On or about the below dates, in the Eastern District of Texas, Defendant **Grigoriy T. Rodonaia,** aided and abetted by others known and unknown to the grand jury, knowingly and willfully executed and attempted to execute the aforesaid scheme by electronically issuing prescriptions from his Beaumont office to Memorial Compounding Pharmacy which resulted in the submission of the following claims to TRICARE for specially compounded scar cream prescriptions which were written outside the usual course of professional practice and were without medical necessity, causing a loss to the TRICARE benefit program.

| Count | Beneficiary and HCIN | Approximate Date of Prescription and related claim | Prescription Number | Amount Paid By TRICARE |
|---|---|---|---|---|
| 1 | R. P. 5052 | April 10, 2015 | 104711 | $ 9,246.88 |

| 2 | J. D. 9294 | April 13, 2015 | 104191 | $ 12,902.94 |
|---|---|---|---|---|
| 3 | M. T. 7188 | April 17, 2015 | 105300 | $ 12,902.94 |
| 4 | M. T. 7188 | April 17, 2015 | 105301 | $  9,949.18 |
| 5 | M. T. 7188 | April 17, 2015 | 105302 | $  9,226.88 |
| 6 | D. M. 6523 | April 17, 2015 | 104577 | $ 12,922.94 |
| 7 | C. H. 4424 | April 17, 2015 | 104551 | $ 12,902.94 |
| 8 | C. H. 4424 | April 17, 2015 | 104552 | $  9,949.18 |
| 9 | C. H. 4424 | April 22, 2015 | 104703 | $  9,226.88 |
| 10 | S. H. 2499 | April 23, 2015 | 104838 | $  9,969.18 |
| 11 | B. S. 3981 | April 23, 2015 | 104908 | $ 12,922.94 |
| 12 | T. T. 7161 | April 23, 2015 | 104943 | $ 12,902.94 |
| 13 | M. P. 5956 | April 23, 2015 | 104563 | $ 12,922.94 |
| 14 | S. W. 1330 | April 23, 2015 | 104975 | $ 12,922.94 |
| 15 | M. P. 5956 | April 24, 2015 | 104564 | $  9,969.18 |
| 16 | S. T. 0609 | April 29, 2016 | 106226 | $ 12,922.94 |

All in violation of 18 U.S.C. §§ 1347 and 2.

**Counts 17 -21**       (Violation: 18 U.S.C. § 1028A
                         Aggravated Identity Theft)

The Introduction regarding Federal Health Care Programs and the scheme

6

alleged in Counts 1-16 in this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about the below dates, in the Eastern District of Texas, **Grigoriy T. Rodonaia**, defendant, did knowingly use without lawful authority, a means of identification of another person, that being the names, dates of birth, and Health Insurance Claim Numbers of TRICARE beneficiaries, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Section 18 U.S.C. § 1347, Health Care Fraud, knowing that the means of identification belonged to another actual person.

| Count | Beneficiary and HICN | Approximate Date of Prescription and Related Claim | Prescription Number(s) | Amount Paid By TRICARE |
|---|---|---|---|---|
| 17 | J. D. 9294 | April 21, 2015 | 104628 - 104629 | $ 19,176.06 |
| 18 | B. S. 3981 | April 22, 2015 | 104148 / 104697 | $ 19,216.06 |
| 19 | S. H. 2499 | April 23, 2015 | 104836 - 104837 | $ 22,169.82 |
| 20 | T. T. 7161 | April 23, 2015 | 104944 - 104945 | $ 19,176.06 |
| 21 | S. W. 1330 | April 24, 2015 | 104976 - 104977 | $ 19,216.06 |

In violation of 18 U.S.C. § 1028A.

<u>Count 22</u>   (Violation: 18 U.S.C. 1035 False Statements Relating to Health Care Matters)

From on or about May 26, 2016 to on or about May 27, 2016, in the Eastern District

7

of Texas, **Grigoriy T. Rodonaia**, defendant, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in connection with the delivery of or payment for health care benefits, items, and services involving TRICARE, a health care benefit program as defined in 18 U.S.C. § 24(b), in that, in response to an audit request for records by the Defense Health Agency, an agency of the United States Department of Defense, defendant knowingly created and submitted patient files and records of TRICARE beneficiaries as though he had examined or consulted with such patients prior to issuing prescriptions for specially compounded scar creams, whereas, as defendant well knew, defendant did not examine or consult with such patients as represented in the patient records.

All in violation of 18 U.S.C. § 1035.

**Counts 23-33**     **(Violation: 42 U.S.C. 1320a-7b(b)(1) (Anti kickback-receipt of payment)**

The Introduction regarding the Federal Health Care Programs section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

**The Scheme**

From on or about January 2015 to on or about April 2018, in the Eastern District of Texas, and elsewhere, **Grigoriy T. Rodanaia**, defendant, did knowingly, intentionally, and willfully solicit and receive remuneration totaling approximately $164,800, including a kickback, bribe, or rebate, directly and indirectly, overtly and covertly, in cash and in-kind, in return for the furnishing and arranging for the furnishing of any item or service

for which payment may be made in whole and in part under a Federal health care program, that is, the defendant received cash remuneration from Medicare and Medicaid beneficiaries seeking opioid treatment, including prescriptions related thereto paid for by Medicare and Medicaid, in that such beneficiaries were required to pay cash for an office visit, in excess of and in lieu of the amount which would have been reimbursed by the Medicare and Medicaid programs to the defendant for such service. Further, such office visits were not with a licensed practitioner or healthcare professional authorized by Federal and State law to administer and dispense opioid drugs but rather such office visits were conducted by office staff with no medical certifications and were not authorized by Federal and State law to administer and dispense prescriptions for opioid drugs.

On or about the below dates, in the Eastern District of Texas, **Grigoriy T. Rodonaia**, defendant, did knowingly, intentionally, and willfully solicit and receive remuneration including a kickback, bribe, or rebate, directly and indirectly, overtly and covertly, in cash and in-kind, in return for the furnishing and arranging for the furnishing of any item or service for which payment may be made in whole and in part under a Federal health care program:

| Count | Beneficiary and HICN or Rx number | Approximate Date of Service | Federal Health Care Program | Approximate Amount Paid By Beneficiary |
|---|---|---|---|---|
| 23 | L.E.F. 0563 | June 11, 2015 | Medicaid | $150 |

| 24 | C.M.L 903328 | Jan. 28, 2016 | Medicaid | $150 |
| 25 | J.R.S. 515755 | Mar. 24, 2016 | Medicaid | $150 |
| 26 | A.B. 0563 | Sept. 26, 2016 | Medicare | $150 |
| 27 | J.S.L. 4530 | Sept. 22, 2016 | Medicare | $150 |
| 28 | K.B.S. 521363 | July 5, 2017 | Medicaid | $150 |
| 29 | A.B. 0563 | July 21, 2017 | Medicare | $150 |
| 30 | C.E.C. 6741 | Nov. 10, 2017 | Medicare | $150 |
| 31 | S.J.S. 422414 | March 8, 2018 | Medicaid | $150 |
| 32 | C.E.C. 6741 | Mar. 28, 2018 | Medicare | $150 |
| 33 | A.N. 8473518 | April 3, 2018 | Medicaid | $150 |

All in violation of Title 42, United States Code, §1320a-7b(b)(1).

**Count 34**     (Violation:  21 U.S.C. §841(a)(1) Distribute or dispense a Controlled substance)

On or about March 9, 2017, in the Eastern District of Texas, **Grigoriy T. Rodonaia**, defendant, did knowingly and intentionally distribute or dispense a Schedule IV controlled substance, namely, Adipex-P or Phentermine, outside the course of standard medical practice or in a manner inconsistent with public health and welfare.

In violation of 21 U.S.C. § 841(a)(1) and (b)(2).

<u>Count 35</u>  (Violation: 21 U.S.C. §841(a)(1)
Distribute or dispense a
Controlled substance)

On or about March 31, 2017, in the Eastern District of Texas, **Grigoriy T. Rodonaia**, defendant, did knowingly and intentionally distribute or dispense a Schedule IV controlled substance, namely, Adipex-P or Phentermine, outside the course of standard medical practice or in a manner inconsistent with public health and welfare.

In violation of 21 U.S.C. § 841(a)(1) and (b)(2).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Upon conviction of one or more of the offenses alleged in Counts One through Thirty-three of this Indictment, defendant **Grigory T. Rodonaia** shall forfeit to the United States, pursuant to 18 U.S.C. §§ 982(a)(7) and 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including but not limited to the following:

1. PERSONAL PROPERTY

A. MONEY JUDGMENT, being a sum of money equal to $6,864,000.00 in United States currency representing the amount of proceeds obtained as a result of a health care offense, in violation of 18 U.S.C. § 1347.

2. SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property described above.

By virtue of the commission of the offenses alleged in Counts One through Sixteen of this Indictment, any and all interest the Defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 982(a)(7).

A TRUE BILL

*MF.*
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*Robert L. Rawls*
ROBERT L. RAWLS
ASSISTANT UNITED STATES ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. 1:20-CR-33 MAC/KFG |
| GRIGORIY T. RODONAIA | § | |

## NOTICE OF PENALTY

### Counts 1-16

Violation:   18 U.S.C. § 1347 (Health Care Fraud)

Penalty:   Imprisonment of not more than twenty (10) years, a fine not to exceed $250,000 or an amount not more than the greater of twice the gross gain to the defendant or twice the gross loss to the victim, or both; and a term of supervised release of not more than three (3) years.

Special Assessment:   $ 100.00

### Counts 17 - 21

Violation:   18 U.S.C. 1028A (Aggravated Identity Theft)

Penalty:   Imprisonment of not more than 2 years in addition to the sentence imposed for the underlying felony, a fine of not more than $250,000.00 (or twice the pecuniary gain to defendant or loss to the victim), or both and a term of supervised release of not more than three (3) years.

Special Assessment:   $100.00

### Count 22

Violation:   18 U.S.C. § 1035 (False Statements in Relation to Health Care Matters)

Penalty:   Not more than five (5) years imprisonment, a fine of not more than $25,000 or an amount not more than the greater of twice the gross gain to the defendant or twice the gross loss to the victim, or both. A term of supervised release of not more than three (3) years.

Special Assessment:                           $100.00

### Counts 23 - 33

Violation:   42 U.S.C. § 1320a-7b(b)(1)(Anti-kickback – receipt of payment)

Penalty:   Not more than five (5) years imprisonment, a fine of not more than $25,000 or an amount not more than the greater of twice the gross gain to the defendant or twice the gross loss to the victim, or both. A term of supervised release of not more than three (3) years.

Special Assessment: $100.00

### Counts 34 - 35

Violation:   21 U.S.C. §841(a)(1) and (b)(2) (Distribute or dispense a Schedule IV controlled substance outside of standard medical practice)

Penalty:  Not more than five (5) years imprisonment; a fine of not more than $250,000, or an amount not more than the greater of twice the gross gain to the defendant or twice the gross loss to the victim or both. A term of supervised release of not more than three (3) years.

Special Assessment: $100.00