IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

UNITED STATES OF AMERICA      §
     §
     §
v.      §   NO. 1:20-CR-33
     §
GRIGORIY T. RODONAIA      §

## PRELIMINARY ORDER OF FORFEITURE

The defendant, Grigoriy T. Rodonaia, was found by the jury to be liable for the

forfeiture to the United States the sum of $858,000 in U.S. Currency, and all interest and

proceeds traceable thereto, representing the amount of cash proceeds obtained by the

defendant as a result of the offenses alleged in Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 16,

17, 18, 19, 22, 26 and 29 of the indictment, and upon which a finding of guilty was

returned by the jury, which charges violations of 18 U.S.C. § 1347, 18 U.S.C. § 2, 18

U.S.C. § 1028A, 18 U.S.C. § 1035, 42 U.S.C. § 1320a-7b(b)(1), for which the defendant

is personally liable, pursuant to 18 U.S.C. § 982(a)(7) and 18 U.S.C. § 982(a)(2)(B).

The United States has filed a Motion for Preliminary Order of Forfeiture for the

cash proceeds obtained by the defendant in the amount of $858,000.00 in U.S. Currency.

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.     The defendant, Grigoriy T. Rodonaia, shall forfeit to the United States the

sum of $858,000.00 in U.S. Currency and all interest and proceeds traceable thereto,

representing property constituting, or derived from, proceeds obtained by the defendant

as a result of the offense alleged in Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 16, 17, 18, 19, 22, 26 and 29 of the indictment, which charges violations of, for which the defendant is personally liable, pursuant to 18 U.S.C. § 982(a)(7) and 18 U.S.C. § 982(a)(2)(B).

2. This order shall become final as to the defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment, pursuant to Fed.R.Crim.P. 32.2(b)(4).

3.      The United States may, at any time may, move to amend this order of forfeiture to include substitute property having a value not to exceed $858,000.00 in U.S. Currency, to satisfy the amount of cash proceeds forfeited by the defendant in whole or in part.

4.      Because the forfeiture order will consist only of the forfeiture of cash proceeds obtained by the defendant, no ancillary proceeding will be required to adjudicate the interests of third parties in the forfeited property pursuant to Fed.R.Crim.P. 32.2(c)(1).

5.      The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this order.

SIGNED at Beaumont, Texas, this 9th day of December, 2020.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE